[Crim. No. 4159. Second Dist., Div. One. Sept. 4, 1947.]

THE PEOPLE, Respondent, v. R. W. AGNEW, Appellant.

R. W. Agnew, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and M. Arthur Waite, District Attorney, for Respondent.

WHITE, J.—This is a motion by respondent to dismiss an appeal taken by appellant from (1) an order of the Superior Court of Ventura County denying appellant's motion to vacate orders extending the period of his probation and modifying the terms thereof; (2) an order denying the motion of appellant to "set aside, vacate and nullify" an order denying a motion for a new trial; and (3) an order granting respondent's motion to dismiss appellant's petition for a writ of *coram nobis.*

Concerning the facts surrounding the aforesaid orders, it appears that on January 31, 1946, appellant was convicted by a jury of the crime of perjury; that he thereupon made a motion for a new trial which was denied. Subsequently, appellant made application for probation, and on February 23, 1946, the same was granted for a period of 13 months upon the condition that for the first 12 months thereof appellant be confined in the Ventura County jail. From the judgment and the order denying his motion for a new trial appellant appealed, and on March 22, 1946, he was released on bond pending such appeal. On January 22, 1947, Division Two of this court rendered its decision affirming the foregoing judgment and order denying appellant's motion for a new trial (*People* v. *Agnew,* 77 Cal.App.2d 748 [176 P.2d 724]). Upon the going down of the remittitur, which was lodged in the trial court on the 25th day of February, 1947, appellant refused to surrender to the sheriff, contending that the jail term imposed upon him as a term of probation had expired. Thereupon, on March 5, 1947 the district attorney of Ventura County filed his motion for an order modifying the terms of probation. A hearing was had upon said motion on March 10, 1947, following which the court modified the terms of the foregoing probation as follows:

"That the defendant, R. W. Agnew be confined in the County Jail of Ventura County for a period of eleven (11) months, the Court taking into consideration the fact that the defendant has heretofore been confined in said County jail for a period of one (1) month of the period of twelve (12) months heretofore ordered in the Original Order Admitting to Probation;

"That the period of probation be, and hereby is extended to a period of five (5) years from the date of the Original Order

Admitting to Probation, namely from the 23rd day of February, 1946; . . . ."

As to the second order, the record reflects that on April 3, 1947, appellant made a motion to "set aside, vacate and nullify order denying motion for a new trial." Said motion was made upon the ground "that the denial of said motion for new trial was secured by the prosecutor herein by deliberate, false and fraudulent representations," and upon the further ground of "newly discovered evidence to be produced at the hearing hereof."

As to the third order, it appears that on March 10, 1947, appellant filed in the superior court his petition for a writ of error *coram nobis,* basing said petition upon the claim that his conviction aforesaid was secured by intrinsic and extrinsic fraud and "by the use of perjured testimony entered in said cause, which testimony appears in the attached exhibits and which are made a part hereof." In his petition appellant further alleged: "That by reason and in the premises of the deceit and frauds committed by the prosecution and witnesses in said cause upon petitioner, upon said court and upon said jury in said cause, petitioner was deprived of a trial upon the merits in said cause, and was by intrinsic and extrinsic causes and acts in said cause deprived of his legal rights secured by the 1st, 4th, 5th, 6th, 8th, and 14th amendments to the Constitution of the United States."

Insofar as the first order appealed from is concerned, it appears that the court, after denying appellant's motion for a new trial, ordered the suspension of proceedings and placed him on probation as aforesaid. Section 1203.3 of the Penal Code provides in part that the court "shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence."

It is the established law of this state that an order granting probation without the imposition of judgment and sentence is not an appealable order (*People* v. *Smith,* 36 Cal. App.2d 361, 362 [97 P.2d 867] ; *People* v. *Crow,* 48 Cal.App. 2d 666, 672 [120 P.2d 686] ; *People* v. *Kauffman,* 48 Cal. App.2d 393, 396 [119 P.2d 998] ; *Balestreiri* v. *Arques,* 49 Cal.App.2d 664, 669 [122 P.2d 277] ; *People* v. *Von Eckartsberg,* 133 Cal.App. 1, 3 [23 P.2d 819] ; *People* v. *Neel,* 133 Cal.App. 332, 333 [24 P.2d 230] ; *People* v. *Johnston,* 37 Cal. App.2d 606, 608 [100 P.2d 307] ; *People* v. *Patello,* 125 Cal.

App. 480, 487 [13 P.2d 1068] ; *In re Phillips,* 17 Cal.2d 55, 58; *People* v. *Noone,* 132 Cal.App. 89, 92 [22 P.2d 284] ). Therefore, it necessarily follows that an order modifying or changing an order granting probation is also not an appealable order.

The second order appealed from, denying appellant's motion to set aside and vacate an order denying his motion for a new trial, made after appeal and decision by the appellate court, is also a nonappealable order. Appellant had theretofore appealed from the original order denying his motion for a new trial, and such appeal was heard and determined by Division Two of this court (*People* v. *Agnew, supra*). The general rule, subject to certain exceptions not pertinent to the instant case, is that when a party has exercised his right to appeal from an order denying his motion for a new trial he is not allowed to move to set it aside and then appeal from an adverse ruling upon such motion (*People* v. *Balt,* 78 Cal.App.2d 171, 173 [177 P.2d 362] ). To hold otherwise would be equivalent to allowing two appeals from the order, something not intended by the Legislature nor authorized by law.

In his petition for a writ of error *coram nobis,* appellant urges that his conviction was secured "by the prosecution by intrinsic and extrinsic fraud and by the use of perjured testimony entered in said cause." He then sets forth certain testimony given at his trial and presents his own affidavit wherein he charges that such testimony was perjurious. All of the allegations contained in the appellant's petition for a writ of error *coram nobis* were reviewable on motion for a new trial and on appeal, and, therefore, cannot be made the ground of an application for the writ of error *coram nobis.* There is absolutely no showing herein of extrinsic fraud which in effect deprived appellant of a trial upon the merits. The function of a writ of error *coram nobis* is to correct an error of fact. It was never intended to issue for the purpose of correcting an error of law. For a historical review and discussion of the function of a writ of error *coram nobis,* see *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435].

Appellant contends that his appeal from the order denying his petition for a writ of error *coram nobis* is authorized by subdivision 3 of section 1237 of the Penal Code, providing for an appeal from an order after judgment affecting

the substantial rights of a party. But, as was said in *People* v. *Vivian,* 46 Cal.App.2d 163, 166 [115 P.2d 559], ''. . . but the rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts.'' Such is the exact situation prevailing in the case now engaging our attention.

From the foregoing it follows that the appeal herein should be dismissed. It is so ordered.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied September 15, 1947, and appellant's petition for a hearing by the Supreme Court was denied October 2, 1947.