[L. A. No. 23491. In Bank. Sept. 23, 1955.]

ALEXANDER L. OSTER, Appellant, v. THE MUNICIPAL COURT OF THE LOS ANGELES JUDICIAL DISTRICT, Respondent.

Alexander L. Oster, in pro. per., and A. Brigham Rose for Appellant.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

SCHAUER, J.—In this certiorari proceeding the superior court entered judgment annulling a municipal court order of modification of a previously rendered municipal court order. The order so annulled purported to modify a sentence (execution of which had been suspended in part) theretofore imposed on petitioner and to place him on, or prescribe additional or different terms of, probation. Petitioner has appealed. We have concluded that, for reasons hereinafter set forth, the judgment must be reversed.

From the record[1] it appears that on April 24, 1951, peti-

---

[1]The record on appeal consists of the petition for certiorari; the docket of the municipal court proceedings here involved, filed as the return to the petition; and the written opinion and the judgment of the superior court in the certiorari matter.

tioner was tried and convicted in respondent municipal court of a violation of section 502 of the Vehicle Code. On April 30, 1951, his motion for a new trial was denied, and the docket shows further: ''Defendant makes oral application for Probation, continued to May 18, 1951 . . . for hearing on Probation and Sentence . . . Bail up to stand.'' On May 18, 1951, according to the docket, petitioner (defendant) was in court for probation hearing and sentence and the following proceedings took place:

''Probation Report filed.

''Probation denied.

''Defendant in court and having been duly arraigned for judgment, and there being no legal cause why sentence should not be pronounced. Whereupon it is ordered and adjudged by the court this May 18, 1951, that for said offense, Violation of Section 502 Vehicle Code, count I, the said Defendant, Alexander L. Oster, be imprisoned in the County Jail of Los Angeles County for the term of one hundred and eighty days, and the said Defendant . . . be discharged at the expiration of said term.

''Thirty days suspended. Honor Farm recommended. . . . Bail ordered exonerated. Stay of execution granted to May 23, 1951, . . .''

On May 23, 1951, the docket continues, ''Defendant surrendered to court for sentence May 18, 1951. Notice of Appeal, filed. Defendant released on his own recognizance on Appeal.'' On September 28, 1951, the remittitur was returned showing that the judgment and order denying motion for new trial had been affirmed by the appellate department of the superior court. Defendant thereafter moved for modification of the judgment and for stay of execution and on October 11, 1951, before a judge other than the judge who had heard the trial and imposed the sentence, both motions were denied and defendant was committed. Thereafter, on December 10, 1951, before the original trial judge, the following proceedings occurred:

''. . . People not represented. Defendant not in court and not represented.

''Sentence of May 18, 1951 modified to time served (60 days) and Defendant ordered released.

''Defendant placed on Probation for three years from date of original sentence under the following conditions: [naming them].

''Defendant released.''

Some one and one-half years later, on June 17, 1953, defendant filed this certiorari proceeding in the superior court, asking that that portion of the modifying order of December 10, 1951, which fixed the term of his probation at three years, be annulled on the grounds that the municipal court "in placing petitioner on probation for a period of three years exceeded its jurisdiction as the original sentence of 180 days in the county jail, 30 days suspended, was in effect a probationary order for a period of 180 days"; that no appeal lies from such a modifying order (see Pen. Code, §§ 1237, 1466; *People* v. *Agnew* (1947), 81 Cal.App.2d 408, 411 [184 P.2d 167]; cert. den. 338 U.S. 842 [70 S.Ct. 29, 94 L.Ed. 515]); and that petitioner has no other plain, speedy or adequate remedy. (See Code Civ. Proc., § 1068; *Redlands etc. Sch. Dist.* v. *Superior Court* (1942), 20 Cal.2d 348, 350 [125 P.2d 490].) The superior court rendered judgment annulling the entire order of December 10, 1951, and this appeal is taken by petitioner purportedly from only that portion of the superior court judgment which annuls the portion of the December 10 order of the municipal court which modified sentence to the 60 days already served. The judgment of the superior court, however, essentially relates to the entire order of December 10, and must stand or fall in its totality.

It is clear that there is no merit in petitioner's contention that because, according to petitioner, "The judgment [under which he was committed], was in effect a probationary order for the maximum period (180 days), . . . [therefore] any enlargement of that order, in the absence of a violation, was without jurisdiction." Both at the time petitioner was sentenced and at the time of the December 10 order modifying the sentence, the probation statutes found in the Penal Code provided that the court in an order granting probation may suspend execution of the sentence, and may also direct that such suspension continue for not over three years where the maximum sentence fixed by law is three years or less (here, 180 days), and may in connection with granting probation impose imprisonment in the county jail. (Pen. Code, §§ 1203.1, 1203a; see also *In re Clausen* (1936), 14 Cal.App.2d 246 [57 P.2d 1353].) Further, the court has authority at any time during the term of probation to "revoke, modify, or change its order of suspension of . . . execution of sentence . . ., and in all cases, if the court has not seen fit to revoke the order of probation . . ., the defendant shall at the end of the term of probation or any extension thereof, be by the

court discharged subject to the provisions of these sections.'' (Pen. Code, § 1203.3.) Thus if, as petitioner urges, he was actually granted probation at the time of sentence, then the court acted within its statutory power in subsequently modifying the sentence, which was one of the terms or conditions of probation, to time served and extending the probation period until three years from the date of the original sentence. (*Cf.*, *People* v. *Roberts* (1934), 136 Cal.App. 709, 713 [29 P.2d 432].)

In support of the judgment appealed from, respondent municipal court contends on appeal that as held by the superior court the ''order of December 10, 1951, modifying sentence and placing defendant on probation for three years is void in *toto*.'' ■ This contention is based on the following admittedly correct propositions of law: A court has no power to suspend a sentence except as an incident to granting probation. (Pen. Code, §§ 1203, 1203.1; *People* v. *Sidwell* (1945), 27 Cal.2d 121, 129-130 [162 P.2d 913], and cases there cited; *People* v. *Williams* (1949), 93 Cal.App.2d 777, 779 [209 P.2d 949].) ■ Therefore, when a court after pronouncing the judgment and sentence of imprisonment does order all or part of the sentence to be suspended such order is considered to be an ''informal'' grant of probation (*In re Torres* (1948), 86 Cal.App.2d 178, 179 [194 P.2d 593]) said to be ''the equivalent of a formal order.'' (*In re Herron* (1933), 217 Cal. 400, 404 [19 P.2d 4]; see also *People* v. *Wallach* (1935), 8 Cal. App.2d 129, 131-133 [47 P.2d 1071].) ■ This latter rule of construction, it has been held, will not be applied when such an order of suspension is made after the court has already expressly denied probation and it is clear that a grant of probation was not intended. In such cases the suspension order has been said to be ineffectual as a grant of probation. (*People* v. *Rickson* (1952), 112 Cal.App.2d 475, 481 [246 P.2d 700]; *Ellis* v. *Department of Motor Vehicles* (1942), 51 Cal.App.2d 753, 757 [125 P.2d 521]; *People* v. *Lopez* (1941), 43 Cal.App.2d Supp. 854, 860 [110 P.2d 140]; see also *In re Eyre* (1934), 1 Cal.App.2d 451 [36 P.2d 842]; *In re Taylor* (1934), 140 Cal.App. 102 [34 P.2d 1036]; *In re Howard* (1925), 72 Cal.App. 374, 378-379 [237 P. 406]; *In re Clark* (1925), 70 Cal.App. 643, 646 [234 P. 109].) However, the precise circumstances of each case must be closely examined to determine whether in fact probation was finally granted or denied.

■ The mere pronouncement of sentence, or the denial of

an application for probation before the imposition of judgment, does not preclude the granting of probation after judgment is pronounced or has been affirmed on appeal. (*People* v. *Sidwell* (1945), *supra,* 27 Cal.2d 121, 130.) ▮ Probation may be granted at any time before execution of the sentence is begun (*In re Bost* (1931), 214 Cal. 150 [4 P.2d 534].) ▮ In this connection it is to be noted that the order of December 10 could not constitute an original grant of probation because defendant had already served 60 days of the 180-day sentence when such order was made.

From these rules respondent municipal court argues that the order or statement of that court purporting to suspend 30 days of defendant's sentence, made after judgment was pronounced on May 18, 1951, and after probation had been denied before judgment was pronounced, did not constitute a grant of probation and so could not form the basis of a subsequent modification of the terms of probation (i. e., the order of December 10, 1951, modifying the jail sentence to time served and increasing the period of probation to three years), and that therefore the entire order of December 10 was and is void, as a mere attempt to modify a final judgment which exhausted the court's jurisdiction in the premises, and was properly annulled by the superior court in this certiorari proceeding.

▮ As noted hereinabove, however, petitioner appealed from the judgment of May 18, 1951, and that judgment was affirmed *in toto* by the appellate department of the superior court. Therefore the judgment and all orders reviewed on such appeal, even though such orders may have been erroneous when made, must now be deemed final and not subject to attack by respondent in this certiorari proceeding. (*Redlands etc. Sch. Dist.* v. *Superior Court* (1942), *supra,* 20 Cal.2d 348, 352, 360; see also *In re Passerello* (1928), 93 Cal.App. 443, 444 [269 P. 719].) At the time defendant appealed from the judgment of May 18, 1951, an order denying probation, made before judgment, was not an appealable order (see *People* v. *Erickson* (1946), 74 Cal.App. 2d 339, 340 [168 P.2d 417])[2] but could be reviewed on appeal from the judgment if it appeared that the denial was based on an erroneous view by the trial court of the probation law or upon an opinion by that court that it was without power or jurisdiction to

---

[2]By amendment effective September 22, 1951, an order granting or denying probation has expressly been made appealable. (Pen. Code, §§ 1237, 1466; Stats. 1951, ch. 1674, §§ 133, 158.)

entertain an application for, or to grant, probation. (See *Schaefer* v. *Superior Court* (1952), 113 Cal.App.2d 428, 438 [248 P.2d 450] ; *People* v. *Young* (1951), 105 Cal.App.2d 612, 613 [233 P.2d 155] ; *People* v. *Payne* (1930), 106 Cal.App. 609, 612-613 [289 P. 909] ; *People* v. *Freithofer* (1930), 103 Cal.App. 165 [284 P. 484] ; *People* v. *Lovelace* (1929), 97 Cal. App. 228, 235 [275 P. 489] ; *People* v. *Jones* (1927), 87 Cal. App. 482, 498-500 [262 P. 361] ; see also 3 Cal.Jur.2d 548, § 96.) **[10]** Since it is not shown by the record on the present appeal that the order of the municipal court purporting to expressly deny probation to defendant, made prior to the pronouncing of judgment, was based upon an erroneous view of the probation law, it appears that that order was not reviewable by the appellate department of the superior court upon defendant's appeal to that court from the judgment. and no suggestion is made that such review was attempted or that affirmance of the order in that respect was included in the affirmance of the judgment.

 Although prior to the 1951 amendment referred to in footnote 2 the rule was that where the court suspended the *pronouncement* of the sentence no judgment of conviction had been rendered from which an appeal would lie and defendant could obtain a review only by asking for a new trial and appealing from an order of denial (see 3 Cal.Jur.2d 535-536, § 86, and cases there cited), nevertheless it appears that where the trial court after pronouncing sentence undertakes to suspend a part of it, but disclaims an intention to grant probation, an appellate court on reviewing the judgment also reviews the order suspending sentence, which, in effect, is an order granting probation. (See *People* v. *Lopez* (1941), *supra*, 43 Cal. App.2d Supp. 854, 857-862, 868.) It follows that when the judgment of May 18, 1951, was affirmed and became final, the order suspending 30 days of the sentence likewise became final and, even if assumed to have been erroneous when made, may not now be attacked by respondent municipal court or annulled by the superior court on certiorari. Therefore, since, as we have seen, the court is without power to suspend a sentence except as an incident to granting probation, the order made May 18, *after* the pronouncement of sentence, suspending 30 days of the sentence just previously imposed, must be construed as a grant of probation to defendant. As indicated by Judge Bishop in the Lopez case the error in such action, if any under the circumstances here, should properly be regarded as procedural, not jurisdictional.

Consequently the court acted within its statutory authority under the probation statutes, as summarized hereinabove, in modifying the sentence to time served and extending the probation period until three years from the date of the original sentence. The modifying order of December 10, 1951, is therefore valid and the superior court erred in annulling it.

For the reasons above stated, the judgment is reversed, respondent to recover its costs on appeal.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.