[Crim. No. 3501.   First Dist., Div. One.   Dec. 12, 1958.]

THE PEOPLE, Respondent, v. RICHARD BRANDON, Appellant.

Allan L. Sapiro for Appellant.

Stanley Mosk and Edmund G. Brown, Attorneys General, Clarence A. Linn, Chief Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Norman Elkington, Assistant District Attorney, for Respondent.

BRAY, J.—Defendant appeals from an order of the superior court setting aside a previous order entering a new judgment after vacating a prior one.

### QUESTION PRESENTED

Was a judgment not appealed from, setting aside a judgment which after sentencing a defendant to felony imprisonment improperly suspended such judgment on condition that defendant serve one year in the county jail and make complete restitution, subject to collateral attack?

### RECORD

Defendant pleaded guilty to a charge of violation of section 476a, Penal Code (issuing a check without sufficient funds). His motion for probation was denied on August 13, 1953. The same day he was sentenced by Judge Twain Michelsen as follows: ''It is therefore ordered, adjudged and decreed that the

said defendant be punished by imprisonment in the State Prison at San Quentin, California, for the term prescribed by law, said sentence suspended, on condition the defendant serve 1 year in the County Jail, and make full and complete restitution.''

Defendant served his one year and made restitution. On November 21, 1955, he moved the superior court (Judge Orla St. Clair presiding) to vacate the Judge Michelsen judgment and enter a new judgment on the ground of its ambiguity. The deputy district attorney present did not oppose the motion and stated that obviously Judge Michelsen's order made defendant's crime a misdemeanor. (For this crime the code prescribes either a county jail or state prison sentence. Section 17, Penal Code, provides that such crime shall be a misdemeanor if the judgment imposes a sentence other than imprisonment in the state prison.) The court vacated the judgment and ''. . . ordered, adjudged and decreed that the said Defendant be punished by imprisonment in the County Jail . . . for the term of one year, with credit to be given for time already served.'' On December 18, 1957, the district attorney (at Judge Michelsen's request) moved the court (Judge Harry Neubarth presiding) to set aside the Judge St. Clair judgment and restore the original Judge Michelsen judgment. The court then ''. . . ORDERED that the said judgment and sentence entered and imposed herein on November 21, 1955, be and the same is hereby vacated and set aside, and that the said judgment and sentence entered and imposed herein on August 13, 1953, be and it is hereby restored of record as the final and valid judgment herein.''*

■ The suspension of sentence by Judge Michelsen amounted to an informal grant of probation as the court had no power to suspend sentence except as an incident of probation. (*Oster* v. *Municipal Court* (1955), 45 Cal.2d 134, 141 [287 P.2d 755]; *People* v. *Sheeley* (1958), 159 Cal.App.2d 578, 580 [324 P.2d 65].)

■ This case differs from *People* v. *McGillis, Crim. No. 3500,* this day decided (*ante,* p. 91 [332 P.2d 706]) in that here there was no statutory inhibition against the granting of probation for the crime involved and Judge Michelsen had the power to grant probation. Although he formally denied defendant's petition for probation, he was not thereby precluded from thereafter granting defendant probation.

*The district attorney also moved to revoke probation. This motion was continued and has not been disposed of.

■ The judge could have granted probation. However, the judgment is ambiguous as to whether he did, and, if he did not, whether a felony or a misdemeanor sentence was intended. Therefore, on the motion to vacate, the court (Judge St. Clair) had jurisdiction to consider it and determine what was its true meaning. The court determined that probation was not intended but that a misdemeanor sentence only was intended, vacated the ambiguous judgment and entered one of its own. This it had the power to do. ■ As we said in the McGillis case, *supra*, a court having jurisdiction to determine a matter has the power to decide rightly as well as wrongly.

■ Assuming, as contended by respondent, that under *Oster* v. *Municipal Court, supra,* 45 Cal.2d 139, the proper construction of the Judge Michelsen judgment is that it sentences the defendant to the state prison, thereby making the offense a felony, and although at first denying probation, such denial did not preclude the granting of probation, and the judgment did grant probation upon condition that defendant serve one year in the county jail and make restitution, the court's (Judge St. Clair's) determination otherwise was not void but merely erroneous, and could have been corrected only on appeal. See *In re Sargen* (1933), 135 Cal.App. 402, 408 [27 P.2d 407], and *People* v. *McGillis, Crim. No. 3500, supra, ante,* p. 91.

■ No appeal was taken from the Judge St. Clair judgment. It not being void on its face could not be collaterally attacked. Hence on the motion brought by the district attorney before Judge Neubarth, the court had no jurisdiction to proceed and its order purporting to set aside the Judge St. Clair judgment is void. (See *Blake* v. *Municipal Court*, 144 Cal.App.2d 131 [300 P.2d 755].)

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 4, 1959.