[Crim. No. 3582. First Dist., Div. One. Mar. 24, 1959.]

THE PEOPLE, Respondent, v. JACOB WISSENFELD, Appellant.

Jacob Wissenfeld, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—In 1948, based upon his plea of guilty of the charge of assault with intent to commit robbery while armed, petitioner was sentenced to imprisonment in the state prison for the term prescribed by law. ■ Thereupon the court suspended sentence on condition that petitioner be confined in the county jail for one year. This order of suspension was in legal effect an order granting probation (*Oster* v. *Municipal Court*, 45 Cal.2d 134, 139 [287 P.2d 755] ; *People* v. *Sheeley*, 159 Cal.App.2d 578, 580 [324 P.2d 65] ; *People* v. *McGillis*, 166 Cal.App.2d 91, 93 [332 P.2d 706] ; *People* v. *Brandon*, 166 Cal.App.2d 96, 98 [332 P.2d 708].)

Ten years later petitioner, now incarcerated in a New York state prison, filed a petition for a writ of error *coram nobis* to vacate the 1948 sentence upon the theory that it was void because, as alleged by petitioner, he had previously been convicted in New York state of third degree robbery, allegedly a felony if committed in California, and therefore not entitled to probation. (Pen. Code, § 1203.) He appeals from an order denying his petition.

■ If the order of suspension were void for the reason assigned, it would not infect the sentence itself with invalidity. In such a case "the judgment remains valid and must be served." (*People* v. *Cravens*, 115 Cal.App.2d 201, 204 [251 P.2d 717].)

Nowhere on the face of the record does the asserted invalidity appear. The information did not charge a prior. It made no mention of any prior conviction in New York or elsewhere. Nor do we find any mention of such in the minutes of the court's proceedings, nor in the judgment itself. And the judgment long since became final. For aught that appears before us, the granting of probation was perfectly regular, proper and legally effective.

■ In such a situation, in view of the presumptions that official duty has been regularly performed and that a court or judge, acting as such, was acting in the lawful exercise of his jurisdiction (Code Civ. Proc., § 1963, subds. 15 and 16) it is a fair inference that the trial judge had no knowledge or information concerning petitioner's prior conviction. It was knowledge possessed by petitioner and withheld by him from the court. In such a case, *coram nobis* is not an available remedy. (*People* v. *Carroll*, 149 Cal.App.2d 638 at 640, 641 [309 P.2d 128] ; *People* v. *Sharp*, 157 Cal.App.2d 205, at 207 [320 P.2d 589] ; *People* v. *Price*, 162 Cal.App.2d 196, 197 [328 P.2d 467].)

■ A collateral attack such as is here attempted can not be made through the medium of the writ here sought. (*People* v. *Adamson*, 34 Cal.2d 320, 326-328 [210 P.2d 13] ; *People* v. *Sorensen*, 111 Cal.App.2d 404, 405 [244 P.2d 734] ; *People* v. *Cravens, supra*, 115 Cal.2d 201, 204, 205.)

■ Moreover, even if the record did show that petitioner was convicted of third degree robbery in New York prior to his California conviction, and the point were available to him, there would remain the question whether the New York offense "would have been a felony if committed in this State" (Pen. Code, § 1203). That would be a question of law for the correction of which, if wrongly decided, *coram nobis* would not be available. (*People* v. *Martinez*, 88 Cal.App.2d 767, 771 [199 P.2d 375]. See also *People* v. *Reid*, 195 Cal. 249, 258 [232 P. 457, 36 A.L.R. 1435] ; *People* v. *Tucker*, 154 Cal. App.2d 359 at 361 [316 P.2d 417] ; *People* v. *Sharp*, 157 Cal. App.2d 205, 207 [320 P.2d 589].)

Accordingly, nothing of which we can take cognizance in this proceeding indicates that petitioner served a sentence in

California. He merely observed and complied with the terms and conditions upon which he was granted probation. (*People* v. *Wallach*, 8 Cal.App.2d 129, 133 [47 P.2d 1071] ; *In re Martin*, 82 Cal.App.2d 16, 22 [185 P.2d 645].)

 Respondent contends that petitioner's notice of appeal was filed too late. The order appealed from was made August 5, 1958. The notice of appeal was received and filed August 19. But the petitioner was incarcerated in a New York prison at the time. The notice is dated August 13, 1958, and he has filed a verified statement that on that date he delivered the notice of appeal to the chief clerk of the New York state prison, giving the clerk authority to take the necessary postage out of petitioner's account for mailing to the clerk of the Superior Court for the City and County of San Francisco. That presumably was sufficiently early for actual filing to have occurred within the 10 days prescribed by the Rules on Appeal, if promptly mailed by the New York prison authorities. These facts bring this appeal within the purview and protection of the doctrine enunciated in *People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868], and later cases construing and applying that doctrine. We do not think the fact that petitioner was confined in an out-of-state prison renders that doctrine inapplicable.

The order is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied April 23, 1959, and appellant's petition for a hearing by the Supreme Court was denied May 20, 1959. Peters, J., did not participate therein.