**UNITED STATES of America ex rel.
Jacob WISSENFELD, Relator,**

v.

**Edward M. FAY, Warden of Green Haven
Prison, Stormville, New York,
Respondent.**

United States District Court
S. D. New York.

Jan. 30, 1963.

Jacob Wissenfeld, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, Vincent A. Marsicano, Asst. Atty. Gen., of counsel, for respondent.

WEINFELD, District Judge.

Relator is currently serving a sentence of thirteen and one-half years to twenty years at Green Haven Prison, New York State, as a third felony offender upon his plea of guilty to a charge of burglary in the third degree. He seeks a writ of habeas corpus,[1] upon the granting of which he requests that he be returned to the New York State Court for resentencing as a second felony offender. Petitioner challenges one underlying prior conviction entered in the State of California in 1948 upon the ground that the sentence imposed was illegal and its use against him by New York State under its Multiple Offenders Law violates his right of due process under the Fourteenth Amendment.

No issue is raised here that relator has not exhausted all available State remedies.[2] Relator makes no claim that

1. Relator has heretofore filed various petitions for writs of habeas corpus seeking his release on different grounds. See United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707 (2d Cir. 1960).

2. In 1957 petitioner sought a writ of habeas corpus in this Court attacking the California judgment on the same ground as now advanced. This petition was denied because petitioner had failed to ap-

the 1948 California judgment of conviction which was entered upon his plea of guilty offended any of his Federally protected constitutional rights. His precise claim is that the sentence imposed thereunder was more lenient than that permitted under California law, in consequence of which he asserts that the "conviction is not final until *legal sentence*" is imposed and that "the California Courts, by refusing to vacate and set aside the illegal sentence of May 26, 1948 denied relator Due Process and Equal Protection Under The Law because relator is serving a greater sentence as a 3rd felony than a 2nd felony offender * * *."

▮ The basic claim of petitioner is that upon his conviction for assault with intent to commit robbery the Court sentenced him to imprisonment to the State prison at San Quentin, California, "for the term prescribed by law," but then suspended sentence on condition that he be confined to the county jail for one year. This, he contends, was contrary to the requirement of California law that he be imprisoned in the State prison and that the Court had no authority to suspend the sentence on condition that he be confined to a county jail. This sentence, under California law, had the effect of a grant of probation.[3] The relator points to section 220 of the Penal Code of California which provides that upon conviction for assault with intent to commit robbery, the term is imprisonment in the State prison for not less than one year nor more than twenty years. He also alleges that section 1203 (referred to by petitioner as section 1203.1)

of the California Penal Code prohibited a grant of probation if there was a prior conviction in another jurisdiction of an offense which would have been a felony if committed in California, or if at the time of the commission of the crime in question, or at the time of arrest therefore, defendant was armed with a deadly weapon. Petitioner claims that under the facts of his case both infirmities to a grant of probation were present.

The final judgment of conviction is controlling; its validity is not impaired by the circumstance that under the California sentence the defendant undeservedly may well have received probation contrary to law and that the California courts then refused to vacate the sentence. The District Court of Appeal of California, when petitioner applied for a writ of error coram nobis, noted that it did not appear that in fact the relator's sentence was illegal, but expressly held that "[i]f the order of suspension were void for the reason assigned [by relator], it would not infect the sentence itself with invalidity. In such a case 'the judgment remains valid and must be served.'"[4]

▮ Even if, contrary to the holding of the California court, the 1948 sentence were in fact improper, the petitioner has in no way been injured thereby. Had the sentence which he now alleges was required been imposed, and had he served his term in State prison instead of a county jail, he would now have no basis for complaint. For a State to refuse to vacate and set aside an improper sentence already served, which is no greater than the sentence required, is not a prac-

---

ply to the United States Supreme Court for certiorari to review the rulings of the New York State courts, People v. Wissenfeld, 2 N.Y.2d 812, 159 N.Y.S.2d 831, 140 N.E.2d 744 (1957), and for failure to apply to the California courts to establish the illegality of the sentence. United States ex rel. Wissenfeld v. Grasheim, June 27, 1957 (S.D.N.Y.). Petitioner alleges he since applied for and was denied certiorari to the New York Court of Appeals. He applied in the California courts for a writ of error coram nobis. This application was de-

nied, People v. Wissenfeld, 336 P.2d 959 (Dist.Ct. of App., Cal.1959), as was his subsequent petition for a writ of certiorari from the United States Supreme Court, Wissenfeld v. California, 361 U.S. 848, 80 S.Ct. 104, 4 L.Ed.2d 86 (1959).

3. See Oster v. Municipal Court, 287 P.2d 755 (Sup.Ct., Cal.1955).

4. People v. Wissenfeld, 336 P.2d 959 (Dist.Ct. of App., Cal.1959). See also, In re Phillips, 109 P.2d 344, 132 A.L.R. 644 (Cal.1941).

tice so offensive to the fair administration of justice as to be violative of relator's Federally protected rights. The judgment of conviction was valid at all times and was properly considered by New York State in imposing the sentence under which petitioner is presently confined.

Accordingly, the petition for writ of habeas corpus is denied.