Filed 3/13/13  P. v. Crawford CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARRYL PIERRE CRAWFORD,<br><br>    Defendant and Appellant. | D060532, D060534<br><br><br>(Super. Ct. Nos. RIF1101501, RIF150644)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on February 19, 2013, be modified as follows:

1.      On page 13, before the paragraph beginning "One consequence of our conclusion," insert the following five new paragraphs:

In a petition for rehearing, Crawford argues the sentence imposed in the 2010 case was a conditional sentence as a matter of law, citing *Oster v. Municipal Court* (1955) 45 Cal.2d 134 (*Oster*) and cases that have applied it.  According to Crawford, it "is not proper for this Court to fail to address *Oster*, which is directly on point" and "requires the Court to find [*sic*] that the sentence that was pronounced in the 2010 case was a conditional sentence."  We disagree.

The simple answer to Crawford's contentions is that *Oster*, *supra*, 45 Cal.2d 134, and the cases applying it are not "directly on point." None of those cases considered the issue here: whether a "wobbler" offense is a felony or a misdemeanor when the court imposes a state prison sentence but stays execution for one year to allow the defendant to undergo psychiatric treatment. "[I]t is axiomatic that cases are not authority for propositions not considered." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176.)

Moreover, Crawford misrepresents *Oster*, *supra*, 45 Cal.2d 134, as holding that the suspension of part of a sentence of imprisonment constitutes a conditional sentence. The issue in *Oster* was whether a court that expressly denied probation, but sentenced the defendant to 180 days in county jail and then suspended 30 days of the sentence, nevertheless, by imposition of the partially suspended sentence, granted probation. According to *Oster*: "A court has no power to suspend a sentence except as an incident to granting probation. [Citations.] Therefore, when a court after pronouncing the judgment and sentence of imprisonment does order all or part of the sentence to be suspended such order is considered to be an 'informal' grant of probation [citation] said to be 'the equivalent of a formal order.'" (*Id*. at p. 139.) Based on these rules, the Supreme Court held "the order made . . . after the pronouncement of sentence, suspending 30 days of the sentence just previously imposed, must be construed as a grant of probation to defendant." (*Id*. at p. 141.) The court did not hold the order constituted a grant of "informal probation," i.e., a "conditional sentence" (see *People v. Glee*, *supra*, 82 Cal.App.4th at p. 104 ["A grant of informal or summary probation is a 'conditional sentence.'"]), a term of art that appears nowhere in the *Oster* opinion. Rather, the court held probation had been informally granted, and the only type of probation referenced in the opinion is formal probation. (See *Oster*, at pp. 137, 139, 141, 142; see also *In re Herron* (1933) 217 Cal. 400, 404 [order suspending execution of sentence was equivalent to formal order granting probation under supervision of probation officer].) Thus, Crawford is simply wrong when he asserts, "The term 'informal probation' as it is used in *Oster* means and is identical to 'conditional sentence.'"

Crawford also complains that our opinion "ignores" *People v. Superior Court (Roam)* (1999) 69 Cal.App.4th 1220 (*Roam*), which he claims is "a modern case that explains and applies the concept [of conditional sentence] in closely analogous circumstances." Again, we disagree.

2

In *Roam*, the trial court suspended the imposition of sentence on a defendant who pleaded guilty to a serious felony and admitted he had four prior convictions that qualified as strikes under the "Three Strikes" law, and released the defendant on supervised own recognizance (OR) so that he could attend a drug rehabilitation program. (*Roam*, *supra*, 69 Cal.App.4th at pp. 1224, 1226.) Citing *Oster*, *supra*, 45 Cal.2d at page 139, the Court of Appeal stated that the "supervised OR order constituted an informal grant of probation," which was unauthorized because the defendant was ineligible for probation under the Three Strikes law. (*Roam*, at p. 1230.) Although the court also described the order as "in the nature of informal probation" and as "resembl[ing] informal probation" (*id*. at pp. 1229, 1230), we read the *Roam* opinion as using the phrase "informal probation" as shorthand for "informal grant of probation," not as a term of art meaning "conditional sentence." But even if *Roam* had held the supervised OR order there at issue constituted a grant of informal probation (i.e., a conditional sentence), which is proper only for misdemeanors or infractions, that holding would have no bearing on this case. Unlike in *Roam*, where the trial court suspended the imposition of sentence to allow the defendant to undergo drug rehabilitation, here the trial court imposed prison terms on Crawford's convictions in the 2010 case and suspended execution for one year to allow him to undergo psychiatric treatment. As we have explained, the "[i]mposition of a prison term, whether or not suspended, rendered [each] offense a felony." (*People v. Wood*, *supra*, 62 Cal.App.4th at p. 1267; see also *People v. Banks*, *supra*, 53 Cal.2d at p. 385 [when court imposes prison term but suspends execution and grants probation, "the defendant acquires the legal status of a person who has been both convicted of a felony and sentenced to such imprisonment"].)

There is no change in the judgment.

The petition for rehearing is denied.

_____

MCINTYRE, Acting P. J.

Copies to: All parties

3