**Russell W. SPITZ and Marit Spitz, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 73–C–628.

United States District Court, E. D. Wisconsin.

June 7, 1977.

Myron L. Joseph, Milwaukee, Wis., for plaintiffs.

William J. Mulligan, U. S. Atty. by John A. Nelson, Asst. U. S. Atty., Milwaukee, Wis., Thomas R. Jones, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiffs Russell W. Spitz and Marit Spitz brought this action for a tax refund of $9,896.94, alleging that the Internal Revenue Service ("IRS") incorrectly disallowed deductions claimed by the plaintiffs on their 1969 and 1970 income tax returns. The matter is before the Court on the Government's motion for partial summary judgment. For the reasons hereinafter stated, the defendant's motion is denied in part and granted in part, and summary judgment is granted the plaintiffs as to one of their claims.

The Government raises three challenges to the deductions claimed by the plaintiffs and disallowed by the IRS. They are: (1) that a $5,000 restitution payment made in satisfaction of a condition of probation imposed on Russell Spitz pursuant to a conviction for violation of § 289.02(5), Wis.Stats. (1965), is barred as a deduction by 26 U.S.C. § 162(f); (2) that payments voluntarily made by Russell Spitz in satisfaction of his employer's obligations are not deductible by the plaintiffs; and (3) that plaintiffs' capital loss carryovers relating to securities transactions have not been adequately substantiated. The facts as they appear from the pleadings, affidavits, and exhibits on file in this action will be discussed in connection with the relevant Government challenge.

Title 26 U.S.C., § 162(f), provides: "No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law." Russell Spitz was convicted of theft by a contractor, in violation of § 289.02(5), Wis. Stats. (1965), for misappropriating funds paid by a Mr. Fosshage to Odin, Inc., for construction of a house. Russell Spitz was secretary-treasurer of Odin, Inc., and owner of one-third of its outstanding shares. The Court ordered Mr. Spitz to pay $5,000 to Mr. Fosshage as a condition of his probation.

The Government contends that the $5,000 restitution payment constitutes a fine or similar penalty within the meaning of § 162(f). This Court disagrees. The payment does not satisfy the criteria set forth in § 162(f). It is not a fine. Neither is it a penalty since it was payment of an

amount due and owing. Finally, although the payment was funneled through the State Department of Public Welfare, it was paid to Fosshage, not "to a government" within the meaning of § 162(f).

The Government further contends that even if the restitution payment does not fall within the meaning of § 162(f), it should not be deductible, for to so hold would frustrate the defined state policy against theft by contractors as expressed in § 289.02(5).

The Government has failed to establish in what way a restitution of stolen funds frustrates the state policy. The case cited by the Government in support of its contention, *Tank Truck Rentals, Inc. v. Commissioner*, 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562 (1957), involved the attempted deduction of fines imposed as a penalty for disregard of load limits for trucks. The instant fact situation is distinguishable from *Tank Truck* in that it does not involve fines specifically imposed by the state legislature.

■ Although the plaintiffs have not moved for summary judgment on the issue of the deductibility of the restitution payment, a court may grant summary judgment to a nonmoving party when it appears from the record that there is no factual dispute and the nonmovant is entitled to summary judgment as a matter of law. *White v. Fleming*, 374 F.Supp. 267 (E.D. Wis.1974), aff'd 522 F.2d 730 (7th Cir. 1975).

The record in this case demonstrates that there is no factual dispute as to the existence, amount, and reason for the restitution payment. Since the Court has determined that such payment is barred by neither § 162(f) nor public policy, the plaintiffs are entitled, as a matter of law, to a judgment allowing the deduction.

The Government has established through the affidavits and exhibits on file with the court that the plaintiffs deducted payments voluntarily made in satisfaction of the obligations of Odin, Inc. It is the Government's contention that such payments, as a matter of law, are neither ordinarily nor necessarily incurred in a trade or a business

within the meaning of § 162 of the Internal Revenue Code.

■ "If * * * the papers before the court disclose a real issue of credibility, or apart from credibility, fail to establish clearly that there is no genuine issue as to any material fact, the motion must be denied." 6 Moore's Federal Practice ¶ 56.-15[3], at 56–475 (2d ed. 1976). The plaintiffs, in opposition to the motion, have cited numerous cases in which payments voluntarily made by an employee on behalf of his employer have been allowed as deductions. *James O. Gould*, 64 T.C. 132 (1975); *James L. Lohrke*, 48 T.C. 679 (1967); and *Anderson v. Commissioner*, 56 T.C. 1370 (1971). It appears from those cases that the motive of the taxpayer in making such voluntary payments is the controlling factor in determining the allowance of a deduction. Since the Government has failed to establish that there is no genuine issue as to the plaintiffs' motives in making the voluntary payments on behalf of Odin, Inc., its motion must be denied.

The Government's final challenge is to the losses from securities sales carried over by the plaintiffs on their 1969 and 1970 income tax returns. The Government contends that summary judgment should be granted it on that issue, for the plaintiffs have failed to satisfy their burden of substantiating the claimed losses.

■ The burden is on the party opposing summary judgment to come forward with some evidence supporting his claim. Rule 56(e), F.R.Civ.P. Although the Government has not filed any evidentiary material supporting summary judgment on this issue, it cannot very well be required to come forward with evidentiary material establishing a lack thereof. By putting the plaintiffs' lack of documentation in support of the carryovers in issue, the Government has forced the plaintiffs to admit their inability to support them and demonstrate the lack of a genuine issue as to the deduction.

■ Finally, the parties have agreed that the $500 deduction claimed by the plaintiffs as payment for attorney's fees in the case

before the Tax Court should be allowed and that the deduction will not be an issue at trial.

For the foregoing reasons,

IT IS ORDERED that the defendant's motion for partial summary judgment is granted with respect to the deductions claimed by the plaintiffs for losses from sales of securities, and that judgment is to be entered dismissing the plaintiffs' claim.

IT IS FURTHER ORDERED that the defendant's motion for partial summary judgment is denied with respect to the $5,000 restitution payment made by the plaintiffs, and that summary judgment is to be entered in favor of the plaintiffs allowing that $5,000 deduction.

IT IS FURTHER ORDERED that the defendant's motion for partial summary judgment is denied with respect to the plaintiffs' claimed deduction for payments in satisfaction of Odin, Inc.

IT IS FURTHER ORDERED that the plaintiffs are granted summary judgment on the deduction claimed for the $500 in attorney's fees paid in connection with the case before the Tax Court.