**William E. BAILEY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–1134.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 8, 1985.

Decided March 5, 1985.

---

Harry J. Kaplan (argued), San Jose, Cal., for petitioner-appellant.

Robert B. Miscavich (argued), Fred T. Goldberg, Jr.—Lead Counsel, Chief Counsel, Glenn L. Archer, Jr.—Lead Counsel, Michael L. Paup, Tax Div., Dept. of Justice, Farley P. Katz, Ann B. Durney, Washington, D.C., for respondent-appellee.

Before KEITH, JONES and KRUPAN-SKY, Circuit Judges.

KRUPANSKY, Circuit Judge.

Taxpayer William E. Bailey (Bailey) appeals from an order of the tax court granting summary judgment in favor of the Commissioner and holding that taxpayer is not entitled to the benefits of the remedial provisions of § 1341 of the Internal Revenue Code (I.R.C.).

Bailey was an officer, shareholder and director of Bestline Products, Inc., and Bestline Products Corporation (Bestline), a "pyramid" multi-level direct sales organization. Bailey received salary, dividends and bonuses from Bestline in his capacity as an

officer, shareholder and director and included such items in his gross income during several taxable years.

In 1971, Bailey entered into a consent decree with the Federal Trade Commission (FTC) under which he agreed, in his capacity both as an individual and as a corporate officer, to cease and desist from operating the Bestline business in a deceptive or fraudulent manner or in violation of federal law.

In 1976, the District Court for the Northern District of California determined that Bailey, in his continued operation of Bestline, violated the terms of the consent decree, and pursuant to 15 U.S.C. § 45(*l*), fined Bailey $1,036,000. The California district court then granted Bailey's request that his payment of the $1,036,000 fine be applied as restitution in a settlement of a multidistrict class action against Bestline and its officers pending in the United States District Court for the Southern District of Florida. The California district court's order authorizing the transfer of funds expressly stated that, "the ultimate disposition of these funds in no way shall alter their status as civil penalties" imposed under 15 U.S.C. § 45(*l*).

In Bailey's federal income tax return for 1977, he claimed that his payment of the $1,036,000 qualified him for a reduction in tax of $364,343 under I.R.C. § 1341. The Commissioner disallowed that claim and Bailey filed a petition with the United States Tax Court, seeking a redetermination of the deficiency.

On January 26, 1984, after a hearing on cross-motions for summary judgment, the tax court granted the Commissioner's motion for summary judgment and denied Bailey's motion. The court held that Bailey failed to meet the prerequisites of I.R.C. § 1341 because (1) the $1,036,000 payment did not arise out of the original salary, dividend and bonus payments to Bailey, and (2) the $1,036,000 payment is a penalty and, thus, not deductible in any event under § 162(f).

Section 1341 provides a special method for computing tax liability in circumstances where a taxpayer has received an item of income under "claim of right," included that item in income, and in a subsequent taxable year was required to restore that item because it was established that the taxpayer did not in fact have an "unrestricted right to such item." I.R.C. § 1341; Treas.Reg. § 1.1341–1. Taxpayers who invoke the provision pay the lesser of (1) their normal tax for the year of restoration, computed with a deduction for the restoration, or (2) a tax computed without such deduction, but reduced by the amount the tax in the year of receipt would have been decreased had the amount restored been excluded. I.R.C. § 1341(a). Section 1341, in effect, gives a taxpayer benefits that would approximate a deduction in the year of receipt of the amount later restored when doing so results in a lower tax.

Before invoking § 1341, the taxpayer must be entitled under some provision of the Internal Revenue Code to a deduction for the restoration payment in that year. I.R.C. § 1341(a)(2); Treas.Regs. 1.1341–1(a)(1); *United States v. Skelly Oil Co.,* 394 U.S. 678, 683, 89 S.Ct. 1379, 1382, 22 L.Ed.2d 642 (1969); *see also National Life & Accident Ins. Co. v. United States,* 244 F.Supp. 135, 139–142 (M.D.Tenn.1965), *aff'd in part and rev'd in part on other grounds,* 385 F.2d 832 (6th Cir.1967).

Section 162(f) prohibits a deduction "for any fine or similar penalty paid to a government for the violation of any law." Section 1.162–21(b)(1)(ii) of the Treasury Regulations provides that this deduction prohibition applies to amounts "paid as a civil penalty imposed by Federal ... law." Bailey contends, however, that § 162(f) is inapplicable because the $1,036,000 payment was not a penalty paid to a government, but rather constituted restitution made to private litigants.

In *Southern Pacific Transportation Co. v. Comm'r,* 75 T.C. 497, 646–654 (1980), the tax court held that civil penalties "imposed for purposes of enforcing the law and as punishment for the violation thereof" are

non-deductible payments under § 162(f), while civil penalties "imposed to encourage prompt compliance with a requirement of the law, or as a remedial measure to compensate another party for expenses incurred as a result of the violation" fall outside the scope of the deduction prohibition in § 162(f). *Accord Huff v. Comm'r*, 80 T.C. 804, 824 (1983); *Middle Atlantic Distributors, Inc. v. Comm'r*, 72 T.C. 1136 (1979).

Bailey's obligation to pay the $1,036,000 payment arose out of a judgment in a suit brought against Bailey by the FTC to recover civil penalties under 15 U.S.C. § 45 where the District Court for the Northern District of California found that Bailey "failed or neglected to obey terms of an FTC Consent Order" and ordered that Bailey "shall forfeit and pay to the plaintiff United States of America civil penalties in the amount of [$1,036,000]." Bailey, therefore, forfeited the $1,036,000 as punishment for his violations of the Federal Trade Commission Act, and the payment was thus a fine "imposed for purposes of enforcing the law and as punishment for a violation thereof." *See Southern Pacific*, 75 T.C. at 652.

The fact that the California district court, upon Bailey's application, permitted him to apply the $1,036,000 civil penalty toward the settlement of his potential liabilities in the multidistrict class action does not change the status of the payment as a civil penalty. The characterization of a payment for purposes of § 162(f) turns on the origin of the liability giving rise to it. *Middle Atlantic Distributors v. Comm'r*, 72 T.C. at 1145; *Uhlenbrook v. Comm'r*, 67 T.C. 818, 823 (1977).

The tax court correctly concluded, therefore, that taxpayer's $1,036,000 payment constitutes a non-deductible penalty under § 162(f). Since the $1,036,000 payment is not otherwise deductible under the provisions of the Code, § 1341 treatment of the payment is not appropriate. Treas.Regs. 1.1341–1(a)(1); *National Life and Accident Ins. Co. v. United States*, 244 F.Supp. at 139–142.

Taxpayer is precluded from invoking § 1341 for another reason. Section 1341 applies where the item was included in a taxpayer's income because it then "appeared" that the taxpayer "had an unrestricted right to such item," I.R.C. § 1341(a)(1), but it was later "established" that the taxpayer's claim of right was defective, such that at the time of receipt the taxpayer did not, in fact, "have an unrestricted right to such item." I.R.C. § 1341(a)(2). This language requires that the taxpayer's obligation to repay must arise out of the specific "circumstances, terms and conditions" of the transaction whereby the amount was originally included in his income. *Pahl v. Comm'r*, 67 T.C. 286, 289–291 (1976); *Blanton v. Comm'r*, 46 T.C. 527 (1966) *aff'd*, 379 F.2d 558 (5th Cir.1967); *Usher v. Comm'r*, 40 T.C.M. (CCH) 385, 392–393 (1980). The $1,036,000 Bailey paid in 1977 was a civil penalty imposed under 15 U.S.C. § 45 for his multiple violations of an FTC consent order. The payment, therefore, arose from the fact that Bailey violated the consent order, and not from the "circumstances, terms, and conditions" of his original receipt of salary and dividend payments from Bestline. Indeed, the amount of the penalty was not computed with reference to the amount of his salary, dividends, and bonuses, and bears no relationship to those amounts. *See Uhlenbrock v. Commissioner*, 67 T.C. 818, 823 (1977) (taxpayer's payment of addition to tax penalty is not deductible under § 1341 as a restoration of previously reported executor's commissions where the amount he received as commissions bore no relationship to the amount he later became obligated to pay).

Since the tax court correctly determined that the taxpayer is not entitled to invoke I.R.C. § 1341, the judgment below is hereby AFFIRMED.