HARVEY WALDMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18861-85.          Filed May 20, 1987.

*Timothy S. Harris*, for the petitioner.
*Joyce L. Sugawara*, for the respondent.

OPINION

COHEN, *Judge*: Respondent determined a deficiency of $41,883 in petitioner's 1981 income tax. After concessions, the issue for decision is whether restitution paid pursuant to a criminal conviction is deductible under section 162.[1]

*Background*

Harvey Waldman (petitioner) resided in Marina Del Ray, California, when he filed his petition. His case was submitted fully stipulated, and the facts set forth in the stipulation are incorporated as our findings by this reference.

In 1967, petitioner formed National Home Loan Co. (NHL), a loan brokerage company. NHL was incorporated in 1970 with petitioner as its president and sole shareholder.

NHL negotiated and serviced loans secured by deeds of trust. The company arranged for lenders to provide funds to borrowers and, on behalf of the lenders, collected payments on the loans it arranged. NHL maintained a "general account" containing the monthly payments of the borrowers. With respect to "interest only" lenders, NHL retained only the principal portion of loan payments and paid over the interest. Retained principal was segregated from NHL's "general account" and was a source of funds for new loans. NHL was dissolved prior to 1979.

In or about 1979, petitioner was charged with 29 counts of conspiracy to commit grand theft in violation of California Penal Code sections 182 and 487.1. These charges arose from the actions of NHL with respect to the lenders. NHL misrepresented the security of the loans it arranged. Lenders were led to believe that they would receive second deeds of trust when, in fact, they received third, fourth, or fifth deeds of trust. When a borrower defaulted on loan payments, NHL would continue to make payments to the lender.

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

The company would then obtain title to the property securing the loan by signing the name of the lender on the grant deed. The lender was unaware of either the borrower's default or the transfer of title to NHL. NHL commingled principal retained from payments to "interest only" lenders with other funds in its general account and then used these funds to make payments on the property that it had illegally obtained. Petitioner did not receive the amounts converted by NHL and did not report such amounts as income.

Petitioner pled guilty to 1 count of conspiracy to commit grand theft, and the remaining 28 counts were dismissed. The Los Angeles County Superior Court sentenced petitioner to 1 to 10 years in prison, but stayed execution of his sentence on condition that he pay specified amounts of restitution to his victims.

In 1981, petitioner paid $28,500 in restitution and deducted this amount as a legal or professional fee. In a notice of deficiency, respondent disallowed petitioner's deduction.

## Discussion

Section 162(a) provides that taxpayers may deduct all ordinary and necessary trade or business expenses. Section 162(f) provides that no deduction shall be allowed under section 162(a) for any "fine or similar penalty paid to a government for the violation of any law."

Respondent maintains that payment of restitution is not an ordinary and necessary expense of petitioner's trade or business. Respondent also argues that petitioner may not deduct the restitution because the amounts converted by NHL were not included in his income. Finally, respondent contends that section 162(f) prohibits the deduction of restitution paid pursuant to a criminal conviction. Petitioner disagrees with each of respondent's arguments. For the reasons discussed below, we hold that section 162(f) prohibits petitioner's deduction.

## I

We must first determine if petitioner's obligation to pay restitution was a "fine or similar penalty." The regulations

provide that, for purposes of section 162(f), a "fine or similar penalty" includes an amount paid pursuant to a conviction or plea of guilty in any criminal proceeding. Sec. 1.162-21(b)(1)(i), Income Tax Regs. Petitioner pled guilty to one count of conspiracy to commit grand theft and was sentenced to prison. The court stayed execution of his sentence on condition that he pay specified amounts of restitution to his victims. Clearly, had petitioner pled not guilty, and had he been subsequently acquitted, the court could not have ordered payment of restitution. Petitioner's restitution was thus paid pursuant to his plea of guilty and was thus a "fine or similar penalty" as defined by section 1.162-21(b)(1)(i), Income Tax Regs.

Neither party refers to the clear language of this regulation. Instead, each contends that restitution paid pursuant to a criminal conviction is analogous to a civil penalty. Although we need not apply the test that this Court has developed in the context of such penalties, we observe that, were we to do so, petitioner would not prevail. We have held that section 162(f) disallows deduction of civil penalties "imposed for purposes of enforcing the law and as punishment for the violation thereof," and we have also held that some civil payments, although labeled "penalties," remain deductible if "imposed to encourage prompt compliance with a requirement of the law or as a remedial measure to compensate another party." *Huff v. Commissioner*, 80 T.C. 804, 824 (1983); *Southern Pacific Transportation Co. v. Commissioner*, 75 T.C. 497, 646-654 (1980). Where a payment ultimately serves each of these purposes, i.e., law enforcement (nondeductible) and compensation (deductible), our task is to determine which purpose the payment was designed to serve. *S & B Restaurant, Inc. v. Commissioner*, 73 T.C. 1226, 1232 (1980). Respondent argues that petitioner's obligation to, pay restitution was "imposed for purposes of enforcing the law." Petitioner maintains that such restitution was compensatory.

Petitioner is mistaken. The Supreme Court of California has stated that "Restitution or reparation is not a substitute for a civil action to recover damages." *People v. Richards*, 17 Cal. 3d 614, 552 P.2d 97, 100-101 (1976). In California, an order suspending sentence is, in legal effect,

an informal grant of probation. *People v. Victor*, 62 Cal. 2d 307, 398 P.2d 391, 394 (1965); *Oster v. Municipal Court*, 45 Cal. 2d 134, 287 P.2d 755, 759 (1955). Rehabilitation of the criminal is the major goal of those provisions of the California Penal Code which authorize restitution as a condition of probation. *People v. Richards*, 552 P.2d at 100-101; Cal. Penal Code sec. 1203 et seq. (West 1982). Such restitution is also "generally * * * deemed a deterrent to future criminality" and need not be limited to the transaction or amounts for which the defendant is actually convicted. *People v. Lent*, 15 Cal. 2d 481, 541 P.2d 545, 548 (1975). Petitioner's obligation to pay restitution was thus "imposed for purposes of enforcing the law" and hence was nondeductible under section 162(f). *Huff v. Commissioner*, *supra*; *Southern Pacific Transportation Co. v. Commissioner*, *supra*.

Petitioner also relies on *Spitz v. United States*, 432 F. Supp. 148 (E.D. Wis. 1977), for the proposition that court-ordered restitution is not a "fine or similar penalty" within the meaning of section 162(f). In that case, the taxpayer was convicted of theft and was ordered to pay restitution to his victim as a condition of probation. In the taxpayer's refund suit, the District Court held that the taxpayer's restitution was not a "fine or similar penalty" and allowed a deduction for the payment. The court's "reasoning" was as follows:

The payment does not satisfy the criteria set forth in section 162(f). It is not a fine. Neither is it a penalty since it was payment of an amount due and owing. * * * [*Spitz v. United States*, 432 F. Supp. at 149-150.]

Nowhere did the District Court explain how the State court, in a criminal proceeding, could determine the taxpayer's liability to his victim. See *People v. Richards*, 552 P.2d at 101. The District Court also did not explain why, if the Wisconsin court did have jurisdiction to determine the taxpayer's civil liability to another party, payment of "an amount due and owing" *as a condition of probation* was not in effect a penalty. The Supreme Court of Wisconsin has stated that "restitution is but a part of the rehabilitative process in that it forces the defendant to live up to his financial responsibilities." *Garski v. State*, 75 Wis. 2d 62,

248 N.W.2d 425, 429 (1977). The taxpayer's obligation to pay restitution was thus imposed for purposes of enforcing the law. *Spitz* is neither persuasive nor binding.

## II

We must next determine whether petitioner's "fine or similar penalty" was "paid to a government" for purposes of section 162(f). The characterization of a payment for purposes of section 162(f) depends on the origin of the liability giving rise to it. *Bailey v. Commissioner*, 756 F.2d 44, 47 (6th Cir. 1985), affg. an unpublished order of this Court; *Middle Atlantic Distributors v. Commissioner*, 72 T.C. 1136, 1144-1145 (1979). The Supreme Court of California has stated that "Disposing of civil liability cannot be a function of restitution in a criminal case." *People v. Richards*, 552 P.2d at 101. Petitioner's obligation to make restitution was instead imposed in order to "rehabilitate" him and was intended to be a "deterrent to future criminality." *People v. Richards*, 552 P.2d at 101; *People v. Lent*, 541 P.2d at 548. Petitioner's payments of restitution were thus in satisfaction of his criminal liability to the State.

The State, moreover, exercised complete control over the ultimate disposition of petitioner's payments. The court ordered petitioner to pay specified amounts of restitution to specified victims and informed him that "If the court and the victims are not satisfied that things are going along as they should be, we will not hold a probation violation hearing; I will simply dissolve the stay of execution and you will be committed to State Prison." We do not believe that a Government must actually "pocket" the fine or penalty to satisfy the "paid to a government" requirement of section 162(f). Petitioner's "fine or penalty" was "paid to a government" and is not deductible. Our conclusion is consistent with the holding of the Court of Appeals for the Sixth Circuit in *Bailey v. Commissioner, supra.* In *Bailey*, a case involving a civil penalty, the taxpayer entered into a consent decree with the Federal Trade Commission. The U.S. District Court for the Northern District of California determined that the taxpayer had violated the terms of the decree and fined him $1,036,000. The court then granted the

taxpayer's request that his fine be applied as restitution in settlement of a class action then pending against the taxpayer in another Federal District Court. On his income tax return, the taxpayer asserted that his payment of restitution entitled him to a reduction in tax pursuant to section 1341. The Commissioner disallowed that claim and the taxpayer filed a petition in this Court. In an unpublished order, we held that the taxpayer's payment was a penalty not deductible under section 162(f), and we granted the Commissioner's Motion for Summary Judgment. The Court of Appeals for the Sixth Circuit affirmed.

Applying the test set forth in *Southern Pacific Transportation Co. v. Commissioner, supra*, the appellate court held that the taxpayer's civil penalty was a fine "imposed for purposes of enforcing the law and as punishment for a violation thereof." *Bailey v. Commissioner*, 756 F.2d at 47. The court then stated:

> The fact that the California district court, upon Bailey's application, permitted him to apply the $1,036,000 civil penalty toward the settlement of his potential liabilities in the multidistrict class action does not change the status of the payment as a civil penalty. The characterization of a payment for purposes of section 162(f) turns on the origin of the liability giving rise to it. *Middle Atlantic Distributors v. Commissioner,* 72 T.C. at 1145; *Uhlenbrook v. Commissioner*, 67 T.C. 818, 823 (1977).

Although the taxpayer's fine was paid directly to third parties, not the Government, the court concluded that the taxpayer's payment was a penalty under section 162(f).

We have considered each of the other arguments advanced by the parties. We do not address them in this opinion because we conclude that petitioner's deduction was properly disallowed under section 162(f). Because of concessions by the parties as to other issues,

*Decision will be entered under Rule 155.*