CARLOS M. NOWLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nowlin v. Commissioner
Docket No. 16393-90
United States Tax Court
T.C. Memo 1992-456; 1992 Tax Ct. Memo LEXIS 479; 64 T.C.M. (CCH) 456; August 13, 1992, Filed *479 Decision will be entered under Rule 155. For Petitioner: Stephen Gregory Lewis. For Respondent: Michael S. Noble. FAY
FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
6661(a)
1986
$ 15,348
$ 3,837
$ 767
[1]
$   743
$  3,837
1987
65,043
16,261
3,252
[1]
3,952
16,261
1989
90,400
8,921
-- --
6,024
-- All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issues before us are: (1) Whether petitioner realized gross income in the amount of $ 100,000 during 1989 as a result of his illegal activities. We hold that he did; and (2) whether restitution paid by petitioner in 1990 pursuant *480 to a criminal conviction is deductible from petitioner's gross income for the taxable year 1989. We hold that petitioner is not entitled to a deduction for the restitution payment at issue for 1989. This case has been submitted for decision without trial, pursuant to Rule 122. Facts stipulated by the parties are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. Background
At the time of the filing of the petition in this case, petitioner resided in Bellflower, California. From 1986 through 1989, petitioner owned and operated a business as a sole proprietor (the business). The business sold computer electronics and cable television equipment. The business kept its books and reported its income for income tax purposes on the accrual basis. [1]
*481 On October 12, 1989, petitioner was arrested and charged with receiving stolen property. During the arrest, the police seized a $ 100,000 check which petitioner had previously obtained from the sale of 800 monitors to Orientec Corp. (Orientec) on September 18, 1989. Petitioner's records show he paid $ 24,000 for the monitors. The computers that petitioner sold to Orientec were stolen from Southern Pacific Transportation (Southern). On March 19, 1990, petitioner entered a guilty plea to the charge of receiving stolen property. On April 16, 1990, on the prosecutor's recommendation, the Superior Court of California, County of Los Angeles (the court), sentenced petitioner to 3 years of probation. On that same day (April 16, 1990), the court ordered the police to turn over the $ 100,000 seized from petitioner in 1989 to Southern. Petitioner has never argued that he was entitled to a return of the $ 100,000 seized in 1989 or that the monitors were not stolen property. Respondent, in the deficiency notice, included the $ 100,000 petitioner received from the sale of the monitors in petitioner's income for 1989 while at the same time allowing an offset of $ 24,000 for petitioner's *482 cost of obtaining the monitors. Income From Sale of Stolen Property -- 1989
It is undisputed that on September 18, 1989, petitioner completed the sale of stolen computer monitors to Orientec in exchange for a check in the amount of $ 100,000. Section 61 provides that "gross income means all income from whatever source derived". The Supreme Court has clarified that gross income occurs when there is an accession to wealth, clearly realized, and over which the taxpayer has complete dominion. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). It does not matter whether the accession to wealth is unlawful or whether the taxpayer may be adjudged liable to restore its equivalent. James v. United States, 366 U.S. 213, 219 (1961); North American Oil v. Burnet, 286 U.S. 417 (1932). Moreover, "'it is of little consequence that [Taxpayer] personally received no money from the transaction, for it is the power to dispose of income and the exercise of that power that determines whether taxable income has been received.'" Hardin v. United States, 461 F.2d 865, 872 (5th Cir. 1972), quoting Sammons v. United States, 433 F.2d 728, 732 (5th Cir. 1970)). *483 In this case, petitioner exercised complete, unrestricted, dominion and control over the $ 100,000 check from the date of the sale (September 18, 1989) until such check was seized by police on October 12, 1989. Consequently, we find petitioner meets the requisite control necessary for inclusion of the proceeds of the illegal sale in petitioner's income for 1989. James v. United States, supra.
Petitioner, however, argues that because police seized the proceeds of the sale during the same taxable year of the sale, the exception to the claim of right doctrine [2] set out in United States v. Merrill, 211 F.2d 297, 304 (9th Cir. 1954), relieves petitioner from realizing a gain. We disagree. *484 In the Merrill case, the taxpayer was allowed to exclude a sum mistakenly received for his services as executor under a claim of right where, in the same year the funds were received, he "discovers and admits the mistake, renounces his claim to the funds, and recognizes his obligation to repay them." Id. at 304. The facts of this case are distinguishable from the facts of Merrill. Petitioner's acts were criminal in nature, not the result of an honest or good faith mistake. The court in United States v. Merrill, supra at 304, emphasized the "good faith" nature of the taxpayer's mistake. The record before us is devoid of any evidence of good faith or honest mistakes. Moreover, the application of United States v. Merrill, supra, is based upon the consensual recognition of an obligation to repay within the same year the funds are obtained. Buff v. Commissioner, 58 T.C. 224 (1972), revd. 496 F.2d 847 (2d Cir. 1974). Clearly, no consensual recognition of an obligation to repay is present in this case. In addition, even if we applied United States v. Merrill, supra, *485 to the facts before us, petitioner's argument would fail. The record does not reveal any affirmative act by petitioner in 1989 to renounce his right to the money or to recognize his obligation to repay the money to anyone. The fact that this case is fully stipulated does not relieve petitioner of his burden of proof. Rule 122(b). Thus, we conclude that respondent properly included the $ 100,000 proceeds of the sale of stolen monitors in petitioner's income for 1989. Accrual of Deduction -- 1989
Petitioner next argues that he is entitled to accrue a deduction of $ 100,000 under section 165 for 1989, arising from the seizure of the check and ultimate payment of the $ 100,000 proceeds of the sale as restitution to Southern. At the outset, however, we proceed to consider a more fundamental issue concerning the timing of the sought deduction. Petitioner's business reported its income for Federal tax purposes on the accrual basis. Under the accrual method of accounting, a deduction is proper for the taxable year in which all the events have occurred which determine the fact of the liability and the amount thereof can be determined with reasonable accuracy. Sec. 1.461-1(a)(2), *486 Income Tax Regs.
The facts of this case, as stipulated, indicate that it was not until 1990 that, both, petitioner pled guilty to the charge of receiving stolen property and the court ordered the payment of the $ 100,000 to Southern as restitution. We find that the liability to pay restitution to Southern did not become "fixed" until 1990, when petitioner entered a guilty plea and the court, pursuant to that plea and relevant State law, ordered payment of restitution in the amount of $ 100,000. "It is fundamental to the 'all events' test that, although expenses may be deductible before they have become due and payable, liability must first be firmly established." United States v. General Dynamics Corp., 481 U.S. 239, 243 (1987); Heitzman v. Commissioner, 859 F.2d 783 (9th Cir. 1988). Petitioner's taxable year ending December 31, 1990, is not before this Court. Our jurisdiction is limited to the redetermination of the correct amount of the deficiency, if any, for the tax years before us, i.e., 1986, 1987, and 1989. [3] Accordingly, we hold that petitioner is not entitled to a deduction for restitution paid to Southern in the amount of $ 100,000 *487 for 1989. [4]
We have considered *488 petitioner's remaining arguments and find them to be meritless. Decision will be entered under Rule 155. Footnotes
1. Fifty percent of interest due on the deficiency.↩
1. Respondent determined the deficiencies in petitioner's Federal income tax for the calendar years 1986, 1987, and 1989. Thus, we proceed on the assumption that petitioner's accounting period for the years at issue was the calendar year.↩
2. The claim of right doctrine is based on North American Oil v. Burnet, 286 U.S. 417, 424↩ (1932), which held that, if a taxpayer receives an item of income under a claim of right and without restriction as to its disposition, then such taxpayer must include the item in income even though some or all of the amounts received may have to be refunded at some later date.
3. Sec. 6214(b), however, grants us authority to consider facts outside of the years at issue only insofar as these facts may be necessary to correctly redetermine the amount of deficiency before us. ↩
4. In so holding, we want to make clear that we express no opinion as to whether the payment of the $ 100,000 as restitution to Southern is an otherwise deductible payment. See Waldman v. Commissioner, 88 T.C. 1384 (1987), affd. in an unpublished order 850 F.2d 611 (9th Cir. 1988) (restitution held to be a nondeductible "fine or similar penalty" under section 162(f)). But see Stephens v. Commissioner, 905 F.2d 667 (2d Cir. 1990), revg. 93 T.C. 108↩ (1989) (restitution held to be a deductible payment within the context of section 165(c)(2) and not a "fine or similar penalty" under section 162(f)). Our holding denying petitioner a deduction for restitution for 1989 is based solely on the timing of the sought deduction.