RICHARD A. GINSBURG AND ANDREA L. GINSBURG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RAG REAL ESTATE CORP., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ginsburg v. Commissioner
Docket Nos. 2904-92, 2905-92
United States Tax Court
T.C. Memo 1994-272; 1994 Tax Ct. Memo LEXIS 285; 67 T.C.M. (CCH) 3091; June 14, 1994, Filed *285 Decisions will be entered under Rule 155. For petitioners John J. Morrison. For respondent Marjory A. Gilbert. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Richard and Andrea Ginsburg
Additions to Tax Sec.
Sec.
Sec. Year
Deficiency
6653(a)(1)(A) 6653(a)(1)(B) 6661 1986
$  8,796
$   440 *
$ 2,199
1987
37,347
1,817 *
9,337
RAG Real Estate Corp.
Additions to Tax Year
Sec.
Sec.
Ending
Deficiency
6653(a)(1)(A) 6653(a)(1)(B) Feb. 28,
$  4,755
$   238 *
1987
* 50 percent of the interest due on the portion of
the underpayment attributable to negligence.
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After settlement, the primary issues remaining for decision are the deductibility to the Ginsburgs and to RAG Real Estate Corp. (RAG) of certain payments petitioner Richard A. Ginsburg (Ginsburg) and RAG made pursuant to Ginsburg's criminal conviction *286 and sentencing for fraudulently bribing employees of the Cook County, Illinois, Board of (Tax) Appeals (Board of Appeals). FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time the petition was filed, the Ginsburgs were residents of Chicago, Illinois. RAG is an Illinois corporation wholly owned by Ginsburg with its principal place of business in Chicago, Illinois. Ginsburg was licensed as an attorney in 1969. Ginsburg specialized in handling real property valuation disputes before the real property tax assessor's office of Cook County, Illinois, and before the Board of Appeals of Cook County. Between February of 1976 and September of 1982, Ginsburg was at 50-percent partner in the law firm of Schmidt & Ginsburg. On March 4, 1983, RAG was incorporated. RAG was engaged in the business of real estate management, and Ginsburg had authority to write checks on RAG's checking account. On June 9, 1983, Ginsburg was indicted on 19 counts of mail fraud under 18 U.S.C. section 1341 (1982) and 1 count of racketeering under 18 U.S.C. section 1962(c) (1982) (commonly referred to as *287 RICO). The indictment alleged that during 1976, 1977, and 1978, Ginsburg and his partner, Theodore J. Schmidt, paid monetary bribes to employees at the Board of Appeals to obtain favorable treatment for their clients. On July 1, 1983, Ginsburg was arraigned and entered a plea of not guilty. On March 7, 1984, Ginsburg's trial commenced in the U.S. District Court for the Northern District of Illinois (District Court). Following a jury trial, Ginsburg was found guilty on all 20 counts of the indictment. In a special verdict, the jury also found that, between February of 1976 and September of 1978, Ginsburg received legal fees of approximately $ 225,000 relating to legal services he rendered and in connection with which he or his law firm paid fraudulent bribes to employees of the Board of Appeals. On April 30, 1984, the District Court filed an order and judgment under which Ginsburg was sentenced to probation for a period of 5 years. Ginsburg's probation was conditioned on his forfeiture to the United States, under 18 U.S.C. section 1963(a)(1) (1982) (RICO's forfeiture provision), the above referred-to $ 225,000 in legal fees that he had received *288 and on his payment to Cook County of "restitution" in the amount of $ 150,000. Under the April 30, 1984, order and judgment of the District Court, the $ 150,000 to be paid by Ginsburg to Cook County as restitution was to be applied against the $ 225,000 to be forfeited. During 1984 and 1985, Ginsburg and RAG apparently made payments under the above order and judgment to Cook County, the tax treatment of which is not at issue in this case. During 1986 and 1987, Ginsburg and RAG, on Ginsburg's behalf, made combined total payments to the United States and to Cook County of $ 161,143, denominated as follows: By Ginsburg
By RAG Denominated As
1986 1987 1986-1987
Restitution to Cook County
$ 31,977
$ 82,300
$ 29,065
Forfeiture to United States
- 0 - 16,366
1,435
31,977
98,666
30,500
The Ginsburgs' 1986 and 1987 joint Federal income tax returns and RAG's corporate Federal income tax return for its taxable year ending February 28, 1987, were prepared by Robert Wilneff, Ginsburg's accountant. Mr. Wilneff has been a Certified Public Accountant (C.P.A.) and attorney for approximately 25 years. Ginsburg and Mr. Wilneff have been friends for approximately *289 40 years, and, prior to 1986, Mr. Wilneff prepared the Ginsburgs' Federal income tax returns for 10 years. In March of 1986, Ginsburg told Mr. Wilneff that he was making restitution and forfeiture payments to Cook County pursuant to the order of the District Court. Ginsburg, having no expertise in Federal income tax law, asked Mr. Wilneff whether such payments were deductible. Mr. Wilneff referred Ginsburg's question to the tax department of Mr. Wilneff's accounting firm. A manager in the tax department informed Mr. Wilneff and Mr. Wilneff informed Ginsburg that, under Spitz v. United States, 432 F. Supp. 148 (E.D. Wis. 1977), the payments were deductible. In reliance on the above advice, on their 1986 joint Federal income tax return, the Ginsburgs claimed an ordinary loss deduction of $ 31,977 relating to the payment denominated as a restitution payment that Ginsburg made in 1986 with his own funds. On their 1987 joint Federal income tax return, the Ginsburgs claimed an ordinary loss deduction of $ 98,666, relating to the $ 82,300 and the $ 16,366 payments denominated as restitution and forfeiture payments that Ginsburg made in 1987 with his own *290 funds. The Ginsburgs did not report on their 1986 or 1987 tax returns any wage or salary income from any source. On RAG's corporate Federal income tax return for its taxable year ending February 28, 1987, an ordinary deduction of $ 30,500 was claimed, reflecting the total of the $ 29,065 payment denominated as a restitution payment that was made by RAG on behalf of Ginsburg and the $ 1,435 payment that was denominated as a forfeiture payment that was made by RAG on behalf of Ginsburg. No deduction was claimed on the tax return for any compensation paid to Ginsburg. On audit of the Ginsburgs' 1986 and 1987 joint Federal income tax returns and of RAG's corporate Federal income tax return for its taxable year ending February 28, 1987, respondent determined that the Ginsburgs were not entitled to the claimed loss deductions with respect to the restitution and forfeiture payments. Respondent also determined that the $ 30,500 paid by RAG and denominated as restitution and forfeiture payments did not constitute deductible compensation expenses for RAG, and respondent determined that, as a result of the disallowance of the claimed compensation expense deduction, Ginsburg received additional *291 taxable distributions from RAG. OPINION Loss deductions claimed under section 165(c)(2) are not allowed where "the allowance of a deduction would 'frustrate sharply defined national or state policies proscribing particular types of conduct'". Commissioner v. Tellier, 383 U.S. 687, 694 (1966) (quoting Commissioner v. Heininger, 320 U.S. 467, 473 (1943)). This public policy disallowance principle applies to deductions claimed under section 165 that would not be allowed under section 162(f). See Stephens v. Commissioner, 905 F.2d 667, 672, 674 (2d Cir. 1990), revg. on other grounds 93 T.C. 108 (1989); Medeiros v. Commissioner, 77 T.C. 1255, 1262 n.8 (1981). Under section 162(f) and section 1.212-1(p), Income Tax Regs., no deduction is allowed for any fine or similar penalty that is paid to a governmental entity for the violation of a criminal statute, and payments made in settlement of a taxpayer's actual or potential liability for a fine or penalty for the violation of a criminal statute are treated as nondeductible fines or similar *292 penalties. Sec. 1.162-21(b)(1)(iii), Income Tax Regs. Further, payments made in lieu of criminal fines or similar penalties are treated as nondeductible fines or similar penalties under section 162(f). Bailey v. Commissioner, 756 F.2d 44, 47 (6th Cir. 1985), affg. an Order of this Court; Middle Atlantic Distributors, Inc. v. Commissioner, 72 T.C. 1136, 1144-1145 (1979); Uhlenbrock v. Commissioner, 67 T.C. 818, 823 (1977); Allied-Signal, Inc. v. Commissioner, T.C. Memo. 1992-204. An in personam forfeiture payment made or occurring under the RICO criminal provisions of 18 U.S.C. section 1963 (1982) is regarded as a monetary penalty or fine. Alexander v. United States, 509 U.S.    ,    , 113 S.Ct. 2766, 2775-2776 (1993). Petitioners now concede that the $ 16,366 payment denominated as a forfeiture payment that Ginsburg made in 1987 is not deductible. Petitioners, however, argue that, under either section 162(a), section 165(c)(2), or section 212, they are entitled to ordinary *293 deductions with respect to the payments of $ 31,977 and $ 82,300 that were denominated as restitution payments and that were made by Ginsburg in 1986 and 1987. Petitioners argue in the alternative that if no deduction is allowed with respect to these payments under either section 162(a), section 165(c)(2), or section 212, they are entitled to compute their tax liabilities for 1986 and 1987 under section 1341. With regard to the payments of $ 29,065 and $ 1,435 denominated respectively as restitution and forfeiture payments that were made with RAG's funds in 1986 and 1987, petitioners argue that such payments are deductible to RAG under section 162 as compensation paid to Ginsburg for services rendered. Respondent argues that the deductions claimed by the Ginsburgs for 1986 and 1987 with respect to the payments denominated as restitution payments should be disallowed under section 162(f) and section 165(c)(2) and under the strong public policy against allowing deductions with respect to such payments. Respondent also argues that because no deduction is properly allowable with respect to these payments under any section of the Internal Revenue Code, the Ginsburgs may not compute *294 their tax liabilities under section 1341. Respondent argues further that the payments made by RAG on Ginsburg's behalf should be treated as nondeductible dividends and not as the payment of compensation. In arguing that the payments made by Ginsburg to Cook County constitute allowable deductions, petitioners rely heavily upon Spitz v. United States, 432 F. Supp. 148 (E.D. Wis. 1977), and Stephens v. Commissioner, 905 F.2d 667 (2d Cir. 1990), revg. 93 T.C. 108 (1989). In Spitz v. United States, supra, the U.S. District Court for the Eastern District of Wisconsin held that a deduction claimed with respect to a restitution payment made as a condition of probation was not disallowed under section 162(f) because it was not a fine or penalty but the pure restitution of funds embezzled by the taxpayer from a customer of the taxpayer's employer, which funds were then paid back to the customer via the restitution payments in question. Spitz v. United States, supra, is distinguishable from the facts of this case. Here, it is established *295 that restitution was ordered in lieu of, and as a credit against, the criminal forfeiture penalty. See also Waldman v. Commissioner, 88 T.C. 1384, 1388-1389 (1987), affd. without published opinion 850 F.2d 611 (9th Cir. 1988). In Stephens v. Commissioner, 93 T.C. 108 (1989), revd. 905 F.2d 667, 674 (2d Cir. 1990), we held that a taxpayer's payment of restitution as a condition of probation was not deductible under section 165(c)(2). We based our opinion on section 1.162-21(b)(1)(i), Income Tax Regs., under which fines or similar penalties (for the purposes of section 162(f)) include amounts paid as a result of a conviction in a criminal proceeding, and the fact that, but for the criminal conviction, no restitution would have been paid. Stephens v. Commissioner, 93 T.C. at 113. Our holding in Stephens v. Commissioner, supra, was reversed by the Court of Appeals for the Second Circuit with the following explanation distinguishing Bailey v. Commissioner, 756 F.2d 44, 47 (6th Cir. 1985), affg. an *296 Order of this Court: the payment in Bailey was originally imposed as a fine and, in the view of the Sixth Circuit, retained its characteristic as a penalty despite its subsequent diversion to * * * [the victims of the taxpayer's misconduct]. Here, the sentencing judge imposed fines and in addition, not in lieu thereof, ordered Stephens to repay to * * * [the victim of the crime] the amount embezzled. * * * [Stephens v. Commissioner,, 905 F.2d at 674.]
In the instant case, the payments denominated as restitution payments were paid to the Cook County Government in lieu of and as a credit against the criminal forfeiture payments imposed under 18 U.S.C. section 1963 (1982). We conclude that the payments in question constitute a "fine or similar penalty" for purposes of section 162(f), and that deduction of such payments is not allowable under section 162(f), section 165(c)(2), or section 212. Petitioners, alternatively, seek the relief provisions of section 1341 which provide a special method for computing tax liability for taxpayers who have: (1) Received items of income under a "claim of right"; (2) *297 included the items in income; and (3) in a subsequent taxable year are required to restore to income the items because it is established that the taxpayers did not in fact have an unrestricted right to such items. Sec. 1341; sec. 1.1341-1, Income Tax Regs. The provisions of section 1341, however, can be used by taxpayers only with respect to items that are deductible under other provisions of the Internal Revenue Code. United States v. Skelly Oil Co., 394 U.S. 678, 683 (1969); Wood v. United States, 863 F.2d 417, 420 (5th Cir. 1989); Jones v. Commissioner, 82 T.C. 586, 592 (1984). Petitioners, therefore, are not entitled to utilize the relief provisions of section 1341. Petitioners contend that the payments made by RAG on behalf of Ginsburg should be treated as deductible under section 162 as the payment of compensation to Ginsburg for services rendered. Where corporate funds, however, are used to pay personal expenses of controlling shareholders, such payments constitute deductible compensation expenses to the corporation only where the payments are made with the intent to compensate *298 the controlling shareholders for services performed for the corporation. King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 514 (1992); Paula Constr. Co. v. Commissioner, 58 T.C. 1055, 1058 (1972), affd. without published opinion 474 F.2d 1345 (5th Cir. 1973); sec. 1.162-7(a), Income Tax Regs.
With regard to RAG's claimed compensation expense deductions of $ 30,500 relating to its payment of a portion of Ginsburg's obligations under his criminal conviction, petitioners bear the burden of proving that the $ 30,500 was paid by RAG with the intent of compensating Ginsburg for services rendered. See Paula Constr. Co. v. Commissioner, supra at 1059; Rule 142(a). No wage or salary income was reported by the Ginsburgs on their 1986 and 1987 joint Federal income tax returns, and no wage or salary expense was reported on RAG's corporate Federal income tax return for its taxable year ending February 28, 1987. We conclude that the payments by RAG were not intended as compensation to Ginsburg for services rendered. Such payments do not qualify as deductible *299 wages and are to be treated as corporate distributions of dividends. See King's Court Mobile Home Park, Inc. v. Commissioner, supra at 514; sec. 1.162-7(b)(1), Income Tax Regs.
With regard to the additions to tax for negligence under section 6653(a)(1)(A) and (B), taxpayers are liable for underpayments of tax that are attributable to negligence or to the disregard of rules and regulations. The addition to tax for negligence, however, is not imposed where taxpayers claimed deductions in good faith and in reasonable reliance on the advice of competent tax experts. Otis v. Commissioner, 73 T.C. 671, 675 (1980), affd. without published opinion 665 F.2d 1053 (9th Cir. 1981); see also United States v. Boyle, 469 U.S. 241, 251 (1985). Although Ginsburg is an attorney, he had no expertise in Federal income tax law. Ginsburg, on behalf of petitioners, reasonably relied upon the advice of his long-time friend, Mr. Wilneff, an experienced C.P.A. and an attorney. The evidence indicates that petitioners claimed the deductions for the payments in question in good faith *300 and in reasonable reliance on the advice of Mr. Wilneff. We conclude that petitioners are not liable for the additions to tax for negligence with respect to the claimed deductions. With regard to the addition to tax under section 6661 for substantial understatements of tax, taxpayers are liable for an addition to tax equal to 25 percent of the amount attributable to a substantial understatement. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000 ($ 10,000 if the taxpayer is a (corporation). Sec. 6661(b)(1). The amount of any understatement is reduced to the extent that the understatement is attributable to items for which the taxpayer's tax treatment was supported by substantial authority. Sec. 6661(b)(2)(B). A taxpayer's tax treatment of an item is supported by substantial authority in situations where the weight of authorities supporting the treatment is substantial in relation to the weight of the authorities supporting contrary positions. Accardo v. Commissioner, 942 F.2d 444, 453 (7th Cir. 1991), affg. 94 T.C. 96 (1990); Antonides v. Commissioner, 91 T.C. 686, 702 (1988), *301 affd. 893 F.2d 656 (4th Cir. 1990); see also sec. 1.6661-3(b)(3), Income Tax Regs.
Petitioners argue that the claimed deductions for the restitution and forfeiture payments were supported by substantial authority, citing primarily Spitz v. United States, supra. We conclude that petitioners are not liable for the additions to tax for substantial understatements of tax under section 6661. Based on our conclusions herein, Decisions will be entered under Rule 155.